UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL McCARRELL** | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:13-1400 |
| | ] | Judge Trauger |
| **KRISTEN MENKE, et al.** | ] | |
| Defendants. | ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Kristen Menke, a Davidson County prosecutor; the State of Tennessee; the Metro Government of Nashville; Sean Thomas McKinney, a member of the Davidson County Bar; and Cheryl Blackburn, a Criminal Court Judge in Nashville; seeking unspecified relief.

On December 6, 2012, a prosecutor, Kristen Menke, offered the plaintiff a plea deal of four years at 30%. According to the complaint, the plaintiff accepted the deal. To plaintiff's dismay, however, the prosecutor later withdrew the offer.

The plaintiff complained about the matter to Judge Blackburn, hoping to have her attorney replaced and the offer reinstated by the prosecution. Judge Blackburn refused to grant either request.

1

The plaintiff believes that his rights were violated when the plea offer was withdrawn. He further expresses dissatisfaction with the performance of his attorney in this matter.

Judges enjoy absolute immunity from claims based upon actions taken within the scope of their jurisdiction. <u>Pierson v. Ray</u>, 386 U.S. 547, 553-54 (1967). Likewise, prosecutors enjoy the same type of immunity for conduct within the scope of their prosecutorial duties. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976). Since Judge Blackburn and prosecutor Menke were acting within the scope of their duties, the plaintiff has failed to state an actionable claim against these defendants.

The plaintiff has named the State of Tennessee and the Metro Nashville Government as defendants. He has failed, however, to allege any specific claims against these defendants.

Finally, the plaintiff expresses great displeasure with the performance of his attorney, Sean McKinney. It is well settled that attorneys, even those appointed by the courts, do not act "under color of state law" within the meaning of § 1983 when representing a client. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>Mulligan v. Schlachter</u>, 389 F.2d 231, 233 (6th Cir.1968). Thus, plaintiff's claim that his attorney was ineffective is not actionable under § 1983.

Because the plaintiff has failed to state an actionable claim against any of the defendants, the Court is now obliged to dismiss

2

the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2)(B)(iii).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge